COPY

WILLIAM WEILBACHER JR. [SBN 170928]
**WEILBACHER & WEILBACHER PC**
5850 Thille Street, Suite 200
Ventura, CA 93003
Tel: (805) 485-4575
Fax: (805) 485-3646

Attorney for Plaintiff,
CHARLES REILLEY

VENTURA
SUPERIOR COURT
FILED
JUN 25 2019
MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy
VANESSA OROZCO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF VENTURA

| | |
|---|---|
| CHARLES REILLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE TRAVELERS COMPANIES, INC.; and DOES 1 through 50, inclusive.<br><br>Defendants. | Case No. 56-2019-00529891-CU-BC-VTA<br><br>**COMPLAINT FOR:**<br><br>(1) **BREACH OF CONTRACT**<br>(2) **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW plaintiff CHARLES REILLEY ("Plaintiff"), who brings this action against all defendant(s). Plaintiff is informed and believes, and based thereon alleges as follows:

### PARTIES

1. Plaintiff CHARLES REILLEY is, and at all times mentioned in this complaint was, a resident of Ventura County, California.

2. Defendant, THE TRAVELERS COMPANIES, INC., (hereinafter "Defendant," "Travelers" or the "Company") is, and at all times mentioned herein was a Minnesota

---
COMPLAINT
- 1 -

1 corporation, doing business in California, including in the County of Ventura. Plaintiff alleges that at all relevant times referenced herein the Company did transact and continue to transact business in California, including the County of Ventura.

3. The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, is currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

4. Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendant, and of each other; that Defendant and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of Defendant as alleged herein.

5. Whenever in this complaint reference is made to any act, deed, or conduct of Defendant, the allegation means that Defendant engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendant.

6. Plaintiff is further informed and believes, and thereon allege, that whenever and wherever reference is made to individuals who are not named as a Defendant in this complaint, but were employees and/or agents of Defendant, such individuals, at all relevant times acted on behalf of Defendant named in this complaint within the scope of their respective employment.

**ALLEGATIONS COMMON TO CAUSES OF ACTION**

7. Plaintiff was injured as a result of actions undertaken by Dana Lambert on or about April 25, 2012.

8. Todd Lambert is the policyholder of a policy of homeowner's insurance with defendant THE TRAVELERS COMPANIES, INC. for property located at 79 Monterey Drive, Oak View, California 93022. Dana Lambert is a resident and a person insured under the policy of insurance issued by defendant covered THE TRAVELERS COMPANIES, INC. for the property located at 79 Monterey Drive, Oak View, California 93022

9. On or about December 17, 2013, a lawsuit entitled Reilley v. Jorgenson, et al was filed in the Ventura County Superior Court as Case number 56-2013-00X446111-CU-PO-VTA (hereinafter the "Underlying Action").

10. Defendant THE TRAVELERS COMPANIES, INC., refused to extend coverage, indemnify, or defend Dana Lambert

11. A judgment was filed on or about August 10, 2017, in this matter against Dana Lambert in the amount of $350,000.00.

12. Plaintiff Reilley, as a judgment creditor has a direct right of action against defendant THE TRAVELERS COMPANIES, INC. under California Insurance Code section 11580.

13. In addition, Dana Lambert agreed to assign all rights and remedies to Plaintiff CHARLES REILLEY as part of the settlement agreement with was signed and dated on July 21, 2015. A true and correct copy is attached hereto as "Exhibit A."

14. On March 4, 2016, the Court heard Reilley's Motion for the Determination of a Good Faith Settlement, which was granted. A true and correct copy of the order is attached hereto as "Exhibit B."

15. Dana Lambert has incurred and/or continues to incur losses in defending herself against the forgoing Underlying Action.

16. Dana Lambert gave prompt notice to the Defendant of the Underlying Action.

17. Todd and Dana Lambert had in full force and effect primary policies that provide homeowners insurance and liability coverage. The policies include a policy issued by defendant

The Travelers Companies, Inc.

18. The losses incurred by Dana Lambert in connection with the Underlying Action fall or potentially fall within the scope of coverage of this policy. Accordingly, pursuant to the terms of the Policy and under the law, Insurers have the duty to defend and/or indemnify Dana Lambert for losses incurred in connection with the underlying actions, subject to each policy's terms, indemnity limit, deductible, or attachment point.

19. Todd Lambert and/or Dana Lambert has paid the required premiums in full and have satisfied all other conditions to coverage, or are otherwise excused from doing so. All actions taken by Dana Lambert with respect to the above loss have been reasonable, and no action has prejudiced the ability of the defendants to fulfill their contractual obligations.

## JURISDICTION AND VENUE

20. The monetary damages and restitution sought by Plaintiff exceeds the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

21. This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts. The California statutes under which this action is brought do not give jurisdiction to any other court.

22. This Court has jurisdiction over Defendant because, upon information and belief, each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice. Defendant has done and is doing business throughout California, including by maintaining a business for the provision of services in the county of Ventura. The unlawful acts alleged herein have had a direct effect on Dana Lambert. Venue is proper in this Court because one or more of the defendants, resides, transacts business, or has offices in this County and the

acts or omissions alleged herein took place in this County, including specifically in connection with Defendant's operation of its business in connection with Lambert's residence in the Oak View areas of Ventura County.

23. The California Superior Court also has jurisdiction in this matter because there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the California Insurance Code, the California Code of Civil Procedure, and the California Civil Code.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

By Plaintiff Against Defendant Travelers

24. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

25. Plaintiff Reilley, as a judgment creditor has a direct right of action against defendant THE TRAVELERS COMPANIES, INC. under California Insurance Code section 11580.

26. Pursuant to the terms of certain of the Traveler's policies, defendant Traveler's were obligated to defend Dana Lambert against the Underlying Action.

27. Defendant Travelers has failed to defend Dana Lambert against the Underlying Action.

28. Defendant Travelers have breached the terms of their policy by refusing to perform their duty to defend Dana Lambert against the Underlying Action.

29. As a direct result of this Insurer's breach of their policies, Dana Lambert has been deprived of the benefits of insurance coverage, for which she paid substantial premiums, with respect to losses incurred by Dana Lambert in connection with the Underlying Action.

# SECOND CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

By Plaintiff Against Defendant Travelers

30. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

31. Plaintiff Reilley, as a judgment creditor has a direct right of action against defendant THE TRAVELERS COMPANIES, INC. under California Insurance Code section 11580.

32. Implied in the terms of the Defendant's policies is a covenant that they will act in good faith and deal fairly with their insureds; that they will do nothing to interfere with their insureds; that they will exercise diligence, good faith, and fidelity in safeguarding the interests of their insureds; that they will deal ethically with their insureds and will fairly and adequately inform them of the nature and scope of their insurance coverage (hereinafter referred to as "the implied covenant of good faith and fair dealing").

33. Defendant Travelers has breached the implied covenant of good faith and fair dealing by, inter alia:

    a. Refusing to defend and/or indemnify Dana Lambert for covered liabilities, as defined in their policies, without regard to relevant insurance policy language, relevant law, and the specific facts of the claim;

    b. Interpreting the terms and conditions of their policy in an unreasonable manner, which is wholly inconsistent with applicable law, solely in an effort to avoid providing Lambert with coverage to which it is entitled under the policy;

    c. Refusing to acknowledge coverage, or withdraw or alter their denial of coverage, notwithstanding their inability to indemnify supporting

        legal or factual authority for their coverage defenses, or decisions of other Courts rejecting their legal and/or factual contentions;

    d. Failing to investigate claims reasonable and promptly;

    e. Inventing spurious grounds for avoidance of coverage without regard to the pertinent policy language, facts, or law;

    f. Failing to provide promptly a reasonable explanation of the basis relied on, in relation to the facts or applicable law, for the denial of coverage;

    g. Not attempting in good faith to negotiate a prompt, fair, and reasonable settlement within the policy limits of Lambert's claims;

    h. Failing to provide Lambert with copies of documents evidencing the terms of coverage when requested;

    i. Forcing Reilley to file this litigation in order to obtain the rights and benefits to which Dana Lambert is entitled under her policy.

34. Plaintiff is informed and believes and thereon alleges, that defendant Travelers is in breach of the implied covenant of good faith and fair dealing, did the things and committed the wrongful acts alleged above, among other things, for the purpose of willfully and consciously withholding for Dana Lambert the rights and benefits to which she is entitled under her policy and in complete disregard of said rights; in so doing, Travelers have placed their own interests above those of Dana Lambert for the purpose of retaining and using money that should have been spent on the defense of Lambert.

35. Pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1983), Dana Lambert is entitled to recover all attorney's fees and expenses that they reasonable have incurred and will incur, in their efforts to obtain the benefits of insurance that have been, and continue to be, wrongfully and in bad faith withheld by Travelers.

36. Pursuant to Insurance Code Section 11580, Plaintiff Charles Reilley, as judgment

creditor, is entitled to

37. The wrongful conduct alleged herein was done with conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff, such as to constitute oppression, fraud, or malice under California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Travelers.

WHEREFORE, Plaintiff requests relief as described herein and below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant, as follows:

1. For compensatory damages;
2. For general damages including, without limitation, for physical harm and/or mental and emotional distress according to proof, on the applicable causes of action;
3. For punitive damages, on the applicable causes of action;
4. For an award of interest, including pre-judgment interest; at the legal rate;
5. For reasonable attorneys' fees and costs to the extent provided by law;
6. For costs of suit incurred; and
7. For such other and further relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a jury trial in this matter.

Dated: June 24, 2019

WEILBACHER & WEILBACHER PC

By: _____
William Weilbacher Jr., Esq.
Attorney for Plaintiff
CHARLES REILLEY